**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted July 15, 2005[*]
Decided July 18, 2005

Before

Hon. JOHN L. COFFEY, Circuit Judge

Hon. DANIEL A. MANION, Circuit Judge

Hon. MICHAEL S. KANNE, Circuit Judge

No. 04-2709

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee, | Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| v. | |
| | No. 03 CR 50048 |
| DENNIS C. EICHELBERGER,<br>Defendant-Appellant. | Philip G. Reinhard,<br>Judge. |

O R D E R

Dennis Eichelberger used the internet to trade images of minors—including prepubescent children—engaged in sexually explicit conduct. He was indicted for possessing 242 depictions of child pornography, see 18 U.S.C. § 2252A(a)(5)(B), and for transporting the images in interstate commerce by computer, see id. § 2252A(a)(1). He pleaded guilty to the transportation count after executing a

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

written plea agreement that waived his rights to appeal his conviction or sentence in exchange for concessions by the government.

Now Eichelberger argues that the district court erred by sentencing him under the formerly mandatory guidelines regime, see United States v. Booker, 125 S. Ct. 738 (2005), and contends that a limited remand under United States v. Paladino, 401 F.3d 471 (7th Cir. 2005) is warranted. We cannot reach that issue, however, because he waived his rights to appeal. Nothing in his plea agreement provides an "escape hatch" in the event the guidelines were declared illegal, and, as we recently held, Booker does not invalidate the parties' bargain where there is no such express provision. United States v. Bownes, 405 F.3d 634, 636–37 (7th Cir. 2005). Our opinion in United States v. Loutos, 383 F.3d 615 (7th Cir. 2004), which does not discuss the effect of the appeal waiver in that case, cannot be read as inconsistent with Bownes. Therefore, this appeal is DISMISSED.